Modified.

## In re SAGLE.
### Patent Appeal No. 2346.

Court of Customs and Patent Appeals.
May 26, 1930.

John Imirie, of Washington, D. C. (D. W. Gould, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an appeal from the decision of the Board of Appeals refusing to allow claims 2, 3, and 4, filed in connection with an application for an improvement on an oil feeding system for motor vehicles. Applicant's claims, 1, 7, 8, 9, 10, 11, and 12 were allowed by the Examiner. Claims 5 and 6 were disallowed by the Examiner, but on appeal were allowed by the Board of Appeals.

The sole question in this case is whether or not claims 2, 3, and 4 should also have been allowed by the Board of Appeals. They read as follows:

"2. An automatic oil feeding system for motor vehicles, comprising a pressure chamber, a piston therein, means operated by the vehicle for creating a pressure on one side of said piston, a feeding chamber of less diameter than the pressure chamber, a feeding piston in said feeding chamber connected with the first mentioned piston, means in the feeding chamber to return the pistons to a normal position on cessation of said pressure, an oil reservoir in communication with the feeding chamber, and oil distributing pipe in communication with the feeding chamber and a manually operated pressure means in communication with the oil reservoir and with the oil distributing pipe.

"3. An oil feeding system for motor vehicles, including a series of oil feeding pipes leading to the points of lubrication, means operated by the vehicle to produce pressure for feeding oil through said pipes, and adjustable feed control means arranged in the pipes to govern the quantity of oil passing through such means in a given time under such pressure said means being capable of two independent quantity deliveries under any adjustment of such means.

"4. An oil feeding system for motor vehicles, including a series of oil feeding pipes leading to the points of lubrication, pressure automatically produced in the operation of the vehicle for feeding oil through said pipes, feed control means arranged in the pipes to govern the quantity of oil passing through such means in a given time under such pressure, and means for generating a feeding pressure in excess of the automatic pressure, said feed control means being responsive to such excess pressure to permit the passage therethrough of a quantity of oil in excess of that permitted under the automatic pressure."

Appellant's disclosure is an oil feeding system for motor vehicles including a series of feeding pipes leading to different points where lubrication is required, and a pump operated by the vehicle to produce pressure for feeding oil through said pipes. Each pipe contains an adjustable flow control which is capable of delivering two independent quantities under any adjustment, depending upon the feeding pressure. For generating a feeding pressure in excess of that normally produced by the pump there is provided a manually operated means, which means is in communication with the same oil reservoir which feeds oil through the pipes above described. The feed control means is responsive to excess pressure to permit the passage therethrough of a quantity

of oil in excess of that permitted under the pressure of the pump.

Appellant's allowed claims cover a number of apparently valuable features of the invention and among them was claim 1 which reads as follows:

"1. An automatic oil feeding system for motor vehicles, comprising a pressure chamber, a piston therein, means operated by the vehicle for creating a pressure on one side of said piston, a feeding chamber of less diameter than the pressure chamber, a feeding piston in said feeding chamber, connected with the first mentioned piston, means in the feeding chamber to return the pistons to a normal position on cessation of said pressure, a manually operable pressure means, and an oil reservoir in communication with the feeding chamber and with the manually operable pressure means."

The assignments of error are as follows:

"1. In holding that claim 2 is not patentably distinct from allowed claim 1.

"2. In holding that claim 3, particularly in the descriptive element 'an adjustable feed control means arranged in the pipes to govern the quantity of oil passing through such means at a given time under such pressure, said means being capable of two independent quantity deliveries under any adjustment of such means,' was disclosed in the patent to Robinson.

"3. In holding that the patent to Robinson disclosed the very essential limitation of claim 4 in providing a feed control means which governed the quantity of oil passing through such means under an automatic pressure generated in the operation of the vehicle, with such feed control means further responsive to a pressure in excess of the automatic pressure and when so responding, delivering a quantity of oil in excess of that permitted under the automatic pressure."

The Board held that there was no patentable distinction between claims 1 and 2, and that, since claim 1 had been allowed, claim 2 was unnecessary and therefore rejected. Counsel for applicant quite frankly states before this court that he seeks a ruling here on the scope of claim 1 by a comparison of the same with claim 2. He insists that there is a patentable distinction between the two claims, which distinction rests in the last sentence in claim 2 "and a manually operable pressure means in communication with the oil reservoir and with the oil distributing pipe."

The Solicitor says that, since the mechanism could not work without a pipe, claim 2 is unnecessary. We can see no harm in the allowance of this claim and think probably the same may serve to more clearly define applicant's disclosure and, therefore, should have been allowed.

Claims 3 and 4 differ in the following respects: In claim 3 the last clause reads as follows: "Said means being capable of two independent quantity deliveries under any adjustment of such means," and in claim 4 we find: "And means for generating a feeding pressure in excess of the automatic pressure, said feed control means being responsive to such excess pressure to permit the passage therethrough of a quantity of oil in excess of that permitted under the automatic pressure." These two claims were rejected on Robinson, 1,496,947, June 10, 1924, which patent discloses a mechanism quite similar to that of applicant, but it is at once apparent that applicant's disclosure is different from that of the reference in respect to the particulars described in the last-quoted phrase.

The Board took the position that claim 3 discloses nothing not disclosed in Robinson, inasmuch as Robinson shows an oil feeding system operated by the vehicle including oil feeding pipes and adjustable feed controlling means therein, and also a hand device for operating a plunger which will greatly increase the oil pressure when needed to clean out the pipes. Appellant argues that Robinson discloses an invention for excess pressure for cleaning out pipes, while appellant's excess pressure is for a regular lubricating use of oil, over and above the normal amount required. We do not think claim 3 in stating "said means being capable of two independent quantity deliveries under any adjustment of such means" discloses anything more than Robinson discloses. Counsel very earnestly argues to the contrary but admits that the particular wording of the quoted phrase is rather unfortunate.

Claim 4 would seem to do what appellant says claim 3 does. We see no reason why claim 4 should not be allowed and think that it properly describes a part of appellant's invention not disclosed by Robinson.

The decision of the Board of Appeals is modified, reversed as to claims 2 and 4, and affirmed as to claim 3.